UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FERDELL RAYMON BAKER,
#710668,
    Plaintiff,

v.                                        Case No. 1:25cv207/MW/ZCB

NORTH FLORIDA EVALUATION
TREATMENT CENTER ACTING
DIRECTOR, et al.,
    Defendants.
                                /

## REPORT AND RECOMMENDATION

Plaintiff is a pretrial detainee who has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 5). Having performed its screening obligation under 28 U.S.C. § 1915A(a)-(b),[1] the Court believes dismissal is warranted because Plaintiff has not accurately disclosed his litigation history despite being required to do so.

The Local Rules for the Northern District of Florida require *pro se* prisoners in civil rights cases to file such cases using the Court-approved

---

[1] *See Harrell v. Sec'y, Veterans Affairs*, No. 1:21-CV-146-AW-GRJ, 2021 WL 6127492, at *1 (N.D. Fla. Nov. 2, 2021) (finding a plaintiff "involuntarily committed at the North Florida Evaluation and Treatment Center . . . having been adjudged incompetent to proceed on felony charges pending against him" as a "'prisoner' under the Prison Litigation Reform Act"), *adopted*, 2021 WL 6125712 (N.D. Fla. Dec. 28, 2021).

1

complaint form. *See* N.D. Fla. Loc. R. 5.7(A). The complaint form requires the disclosure of a prisoner's litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See McNair v. Johnson*, 143 F.4th 1301, 1307-08 (11th Cir. 2025) (affirming "[d]ismissal without prejudice [as] an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules" where the plaintiff "violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form").[2] Dismissal is appropriate, even if the prisoner claims

---

[2] There are a lot of unpublished Eleventh Circuit cases that say the same thing. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that "[a] plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant[s] dismissal"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case as an appropriate sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure

that a misunderstanding caused his failure to accurately disclose his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal courts. (Doc. 5 at 8-12). Question A of the Prior Litigation section asked Plaintiff if he "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" (*Id.* at 9). Plaintiff answered "Yes" in response to Question A, and he disclosed two cases:

- Case No. 1:24cv248 (N.D. Fla.).
- Case No. 6:24cv808 (M.D. Fla.).

Question B of the Prior Litigation section asked Plaintiff if he had "filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" (Doc. 5 at 10). Plaintiff answered "Yes" in response to Question B and disclosed one state case:

requirements").

- Case No. 5D-2024-1644 (Fla. 5th DCA).

Question C of the Prior Litigation section asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" (Doc. 5 at 10). Plaintiff answered "Yes" in response to Question C and disclosed three state cases:

- Case No. SC-2024-0617 (Fla.).
- Case No. 2024-CA-1874 (Seminole Cnty. Cir. Ct.).
- Case No. SC-2024-1116 (Fla.).

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (Doc. 5 at 12-13).

Plaintiff, therefore, certified that—at the time he filed his amended complaint case on August 14, 2025—he had fully disclosed his litigation history.

The Court has researched Plaintiff's litigation history and discovered that he failed to accurately disclose it. According to the Public Access to Court Electronic Records (PACER) system, Plaintiff filed the following undisclosed action before filing his amended complaint:

4

- *Baker v. Orth, et al.*, Case No. 6:24cv2246 (M.D. Fla.) (§ 1983 complaint against judge and attorney based on "incarcerat[ion] on false charges" and describing being "[i]llegally sentenced to forensic 916 center") (dismissed prior to service on January 13, 2025, as frivolous and for failure to state a claim).

How does the Court know that this Ferdell Raymon Baker and the Ferdell Raymon Baker who filed the above action are the same person? The plaintiff in the above civil rights cases identified himself as Ferdell Raymon Baker—institutionalized at North Florida Evaluation and Treatment Center in Gainesville—on the respective complaint form. (Doc. 1-2 at 2, Case No. 6:24cv2246 (M.D. Fla.)). The plaintiff there also disclosed Case No. 6:24cv808 (M.D. Fla.) in response to the complaint form's litigation history section. (*Id.* at 10). Plaintiff here identifies himself as Ferdell Raymon Baker of the North Florida Evaluation and Treatment Center in Gainesville and similarly discloses Case No. 6:24cv808 (M.D. Fla.) as a previously filed case.[3] (Doc. 5 at 2, 9).

---

[3] Although Plaintiff lists different inmate ID numbers in this case and Case No. 6:24cv2246 (M.D. Fla.) (Doc. 1-2 at 2), it is apparent that this is the same person based on the identical name, place of institution, and disclosure of the same case.

Because Case No. 6:24cv2246 (M.D. Fla.) is a "case in federal court . . . [that was] dismissed as frivolous, . . . for failure to state a claim, [and] prior to service[,]" this case should have been disclosed in response to Question A of the litigation history section of Plaintiff's amended complaint. (Doc. 5 at 9). But Plaintiff failed to reference it anywhere in his amended complaint.[4]

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court.

---

[4] Plaintiff also failed to disclose this case in his initial filing (Doc. 1).

6

*See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The undersigned agrees with another judge on this Court who stated the following: "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons." *Rodriguez v. Inch*, No. 4:19cv191, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020) (Hinkle, J.); *see also Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

As detailed above, Plaintiff misstated his prior litigation history on the complaint form that the Local Rules required him to use. Consistent with the Eleventh Circuit precedent previously cited, this matter should

be dismissed without prejudice.[5] *See McNair*, 143 F.4th at 1307-08 (affirming dismissal without prejudice where *pro se* prisoner failed to accurately disclose his litigation history as required by the Court-approved complaint form and the Local Rules); *Wromas v. Barker*, No. 3:25CV891-MW/ZCB, 2025 WL 1953112, at *1 (N.D. Fla. July 16, 2025) (dismissing prisoner complaint without prejudice "pursuant to this Court's inherent authority to manage its docket and enforce the local rules, based on Plaintiff's failure to truthfully disclose his prior litigation history"); *see also* N.D. Fla. Loc. R. 5.7(A) (requiring *pro se* parties to file civil rights complaints using a Court-approved form); N.D. Fla. Loc. R. 41.1 (allowing the Court to dismiss claims for a party's failure to comply with an applicable rule or order).

Accordingly, it is respectfully **RECOMMENDED** that:

---

[5] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *see also Rodriguez*, 2020 WL 3050231, at *1 (stating that "dismissal without prejudice is not too severe a sanction" for failing to accurately disclose litigation history).

1. This case be **DISMISSED without prejudice** under the Court's inherent power to manage its docket and enforce the Local Rules, based on Plaintiff's failure to truthfully disclose his litigation history.

2. All pending motions be **DENIED as moot**.

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 15th day of August 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.